**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| STEVEN LEE TRESNAK,<br><br>Plaintiff,<br><br>v.<br><br>LAURA SHEMSIU,<br>in her individual capacity;<br><br>JOSEPH STATKUS,<br>in his individual capacity;<br><br>MATTHEW BENDICSEN,<br>in his individual capacity<br><br>THE VILLAGE OF LOMBARD,<br>an Illinois municipal corporation;<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.<br><br><br><br>Jury Trial Demanded |

## COMPLAINT AT LAW

NOW COMES Plaintiff, STEVEN LEE TRESNAK, by and through his attorneys, Gardiner, Koch Weisberg, & Wrona, and complains against Defendants, LAURA SHEMSIU, JOSEPH STATKUS, MATTHEW BENDICSEN AND THE VILLAGE OF LOMBARD as follows:

### Introduction and Nature of the Case

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Steven Trensnak's ("Plaintiff's") rights as granted by the United States Constitution – more specifically, the Fourth Amendment.

2. On October 9, 2018, Plaintiff was arrested for Aggravated Driving Under the Influence (DUI) and Driving While License Revoked in connection with an accident that day.

Police obtained video evidence that exonerated Defendant on November 13, 2018.

3. Plaintiff was incarcerated for nearly twenty-two (22) months after the existence of evidence exonerating him had been obtained by police.

4. The officers involved in the arrest conspired to conceal this evidence and pin fault for the accident on Plaintiff as a repeat DUI offender.

5. After individual investigations by Detective Neil Eriksen ("Eriksen") and Chief of Investigations Robert Guerrieri ("Guerrieri"), the video footage was discovered on or before August 20, 2020, and was disclosed to Plaintiff's attorney on or about August 27, 2020.

6. On September 9, 2020, Judge Brian Telander found Defendant not guilty in a stipulated bench trial.

**Jurisdiction and Venue**

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this action arises under the Fourth Amendment of the United States Constitution.

8. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within this district. Supplemental jurisdiction is invoked over the state law claims of the Plaintiff pursuant to 28 U.S.C. 1367(a).

**The Parties**

9. Plaintiff is and was, at all times relevant to this Complaint, a citizen of and a resident of Downers Grove, Illinois.

10. Defendant, Joseph Statkus (Statkus), at all times relevant to this Complaint, was and is a Patrol Officer with the Lombard Police Department.

11. Defendant, Laura Shemsiu (Shemsiu), at all times relevant to the Complaint, was and

is a Patrol Officer with the Lombard Police Department.

12. Defendant, Matthew Bendicsen (Bendicsen), at all times relevant to the Complaint was and is a Patrol Officer with the Lombard Police Department.

13. Defendant Village of Lombard (the "Village") is an Illinois municipal corporation, and was and is the employer of Shemsiu, Statkus, and Bendicsen. The Village is responsible for the acts of Shemsiu, Statkus and Bendicsen while employed by the Village and while acting within the scope of their employment.

**Background**

14. On October 9, 2018, Plaintiff was a passenger in a white or gold Buick Regal driven by Bobby Price ("Price").

15. On or about 3:00 p.m. on October 9, 2018, the gold or white Buick Regal was involved in in a three-car motor vehicle accident at the intersection of St. Charles Road and Westmore-Meyers Road in Lombard, Illinois.

16. One of the vehicles involved in the accident was a black Lincoln driven by G.W.

17. The other vehicle involved in the accident was a tan Toyota Sienna driven by F.A.

18. Shemsiu and Statkus responded to the accident in their capacity as police officers for the Lombard Police Department.

19. Shemsiu initially remained with F.A., whose vehicle was severely damaged as a result of the accident.

20. Statkus, and later Shemsiu encountered Plaintiff and Price in the parking lot of a Burger King located at 1021 E. St. Charles Road in Lombard, Illinois.

21. At the time of this encounter, and at all times relevant to the Complaint, Plaintiff was wearing a bright neon/green "Carpenters Flooring Installer Local 1185" t-shirt and Price was

wearing a black t-shirt with black shorts.

22. Statkus and Shemsiu also encountered G.W. in the Burger King parking lot, who was arguing with Plaintiff and Price about hitting his car.

23. G.W. claimed that he had witnessed Plaintiff and Price switch seats before exiting the vehicle, allegedly performing what he termed a "Chinese Fire Drill." Plaintiff firmly denied, and continues to deny that accusation and admitted that he was intoxicated, but was not driving the vehicle at the time of the accident.

24. Statkus then interviewed Price, who claimed initially that he was driving the car, but after being told by Statkus that there were two (2) witnesses who saw Plaintiff driving the vehicle, he changed his story to claim that Plaintiff was, in fact, driving the vehicle at the time of the accident.

25. At some point, Bendicsen also appeared on the scene.

26. Plaintiff was arrested upon completing a breathalyzer test. At the time of his arrest, Plaintiff did not have a valid driver's license. He had been previously convicted of DUI.

27. Shortly afterward, Plaintiff was taken to holding and booked at the Lombard Police Department.

28. After a second breathalyzer test, Plaintiff was transported to the DuPage County Jail by Bendicsen.

29. On October 9, 2018, Plaintiff made an initial appearance in Court.

30. On October 23, 2018 Plaintiff was indicted for Aggravated DUI and Driving While License Revoked by a Grand Jury and his bail was set at $200,000.

31. Plaintiff was unable to post bail and remained in jail until September 9, 2020.

32. Plaintiff continued to maintain his innocence and provided names of potential

supportive witnesses who could corroborate his innocence to the police.

33. Camera footage from booking and holding shows Plaintiff still wearing his bright neon/green "Local Carpenters Flooring Installer Local 1185" T-shirt.

34. The Burger King parking lot where Statkus encountered Plaintiff, Price, and Westergren is across the street from Foremost Liquors, a liquor store located at 536 W. St. Charles Road in Villa Park, Illinois.

35. The liquor store has exterior security cameras which provide a view of the Burger King parking lot.

36. Bendicsen obtained the video footage either on or before November 13, 2018.

37. Shemsiu received the security footage on November 13, 2018, from Bendicsen, but did not disclose the footage to the DuPage County State's Attorney's Office ("State's Attorney's Office"), nor did Statkus or Bendicsen.

38. The footage captured the white or gold Buick Regal pulling into the parking lot, and Plaintiff and Price exiting the vehicle.

39. The footage clearly shows Plaintiff, identified by his bright neon/green "Carpenters Flooring Installer Local 1185" t-shirt exiting the passenger's side of the vehicle, and Price, identified by his black t-shirt and black shorts exiting the driver's side of the vehicle.

40. Upon information and belief Shemsiu, Statkus and/or Bendicsen viewed the video, and realized it exonerated Plaintiff, or at the very least, cast a reasonable doubt upon his guilt.

41. Upon information and belief, Shemsiu, Statkus, and/or Bendicsen concealed the footage and did not disclose it to either the State's Attorney's Office or Plaintiff's attorneys out of malice against Plaintiff, believing that as a multi-time DUI offender, he should receive blame and fault for the accident.

42. Plaintiff had repeatedly asked the police to provide him a copy of the video.

43. Plaintiff's Attorney also made requests to the State's Attorney's Office for a copy of the video, but was not provided one.

44. Defendants Shemsiu, Statkus, and Bendicsen purposefully conspired to conceal this favorable evidence, and despite entering the video into evidence, did not disclose it to the State's Attorney's Office or Plaintiff's attorneys.

45. Defendants Shemsiu, Statkus, and Bendicsen had a photograph taken of Plaintiff after approximately 10 days in holding that shows Plaintiff wearing the same neon / green T-shirt and had the video footage.

46. Thus, by November 13, 2018, Defendants Shemsiu, Statkus and Bendicsen knew or should have known that Plaintiff's detention was not supported by probable cause.

47. In or around August 2020, investigating officers, including Ericksen and Guerrieri, discovered that the video footage had been hidden and not disclosed

48. The State's Attorney's Office disclosed the video footage to Plaintiff's attorney on August 27, 2020.

49. The parties agreed to have a stipulated bench trial, which was held before Judge Brian Telander, on September 9, 2020.

50. When making his ruling, Judge Telander stated that he reviewed the Lombard Police Department's Police reports, a video provided by agreement[1], and several recent witness statements, and some photographs showing what the Defendant wore in a holding cell.

51. Judge Telander found that the State had not met their burden, as there was reasonable doubt in his mind as to whether Defendant was driving the vehicle.

52. Judge Telander found Plaintiff not guilty.

[1] The video referred to by Judge Telander is the video referenced throughout the Complaint

**Count I – 42 U.S.C. § 1983**
**Due Process (Prolonged Pre-Trial Detention in Violation of the Fourth Amendment to the United States Constitution)**
**(As to Shemsiu, Statkus, and Bendicsen)**

53. Plaintiff realleges and incorporates paragraphs 1-52 of this Complaint as if fully set forth herein.

54. Shemsiu, Statkus and Bendicsen committed extreme police misconduct, which deprived Plaintiff of his right to not be subject to unlawful pretrial detention as guaranteed by the Fourth Amendment to the United States Constitution.

55. Defendants Shemsiu, Statkus, and Bendicsen allowed Plaintiff to be subject a seizure, pretrial detention.

56. Shemsiu, Statkus and Bendicsen deliberately withheld exculpatory evidence, thereby misleading and misdirecting the State criminal prosecution of Plaintiff. To wit, Shemsiu, Statkus and Bendicsen withheld exculpatory evidence throughout the proceedings – namely, the video showing Plaintiff exiting the passenger side of the car. Absent this misconduct, the prosecution of Plaintiff would not have continued.

57. The continued detention of Plaintiff was not supported by probable cause in light of the above-described exculpatory evidence.

58. Plaintiff was unable to afford bond and was thus incarcerated from his initial Court appearance on October 9, 2020 until the ultimate disposition of his case, on September 9, 2020 for nearly 23 months.

59. At the very least, Plaintiff's detention was not supported by probable cause when Officer Shemsiu obtained the footage from Foremost Liquors on November 13, 2018.

60. Plaintiff was found not guilty of Aggravated DUI and Driving While License Revoked on September 9, 2020, with Judge Telander making a finding of not guilty.

61. Thus, the criminal proceedings terminated in his favor.

62. As a result of the extreme misconduct committed by Shemsiu, Statkus and Bendicsen Plaintiff has suffered damages, including substantial emotional distress.

63. At all times, Shemsiu, Statkus and Bendicsen acted under color of state law in their capacities as police officers.

**Count II – 42 U.S.C. § 1983**
**Brady Violation**
**(As to Shemsiu, Statkus, and Bendicsen)**

64. Plaintiff realleges and incorporates paragraphs 1-63 of this Complaint as if fully set forth herein.

65. Shemsiu Statkus, and Bendicsen violated their duties as prescribed by *Brady v. Maryland*, 373 U.S. 83 (1963), by obtaining the above described exculpatory evidence, concealing it, and not providing it to the State's Attorney's Office or Plaintiff's attorneys.

66. The evidence was favorable to Plaintiff, as it led to Plaintiff being found not guilty of the charges against him by Judge Telander.

67. The concealment of the evidence prejudiced Plaintiff, as he was unjustly subject to prolonged pretrial detention.

68. As a result of the above-described wrongful infringement of Plaintiff's rights, Plaintiff has suffered damages, including but not limited to substantial mental distress and anguish.

69. The misconduct described in this count was undertaken with malice, willfulness, and reckless indifference to the rights of others, especially Plaintiff.

70. At all times, Statkus Shemsiu, and Bendicsen acted within their capacities as police officers, under color of state law.

**Count III – State Law Claim**
**Malicious Prosecution**
**(As to Shemsiu, Statkus, and Bendicsen)**

71. Plaintiff realleges and incorporates paragraphs 1-70 of this Complaint as if fully set forth herein.

72. Shemsiu, Statkus and Bendicsen specifically withheld crucial evidence to Plaintiff's exoneration after his arrest and maliciously allowed the judicial proceedings to continue, in the absence of probable cause, resulting in injury to Plaintiff.

73. Shemsiu's, Statkus' and Bendicsen's misconduct was undertaken with malice, willfulness, and reckless disregard for the rights of Plaintiff.

74. Shemsiu's, Statkus' and Bendicsen's misconduct played a significant role in the continuing prosecution of Plaintiff. Had the evidence been disclosed, the prosecution would not have been able to continue its criminal prosecution of Plaintiff due to the evidence exculpating him.

75. Plaintiff was found not guilty of the charges against him by Judge Brian Telander on September 9, 2020.

76. The criminal proceedings thus terminated in his favor.

77. As a result of this misconduct, Plaintiff has suffered, and continues to suffer, injuries, including emotional distress and pain and suffering.

78. Shemsiu's, Statkus' and Bendicsen's willful non-disclosure of the exculpatory evidence is the equivalent of a false statement or undue influence over the prosecution.

**Count IV – State Law Claim**
**Intentional Infliction of Emotional Distress**
**(As to Shemsiu, Statkus, and Bendicsen)**

79. Plaintiff realleges and incorporates paragraphs 1-78 of this Complaint as if fully set forth herein.

80. Shemsiu's, Statkus' and Bendicsen's misconduct was extreme and outrageous. Moreover, the extreme and outrageous nature of Shemsiu's, Statkus' and Bendicsen's misconduct further arose from the abuse of position as police officers, which gave Shemsiu Statkus and Bendicsen actual and apparent authority over Plaintiff and the power to effect Plaintiff's interests.

81. Shemsiu, Statkus, and Bendicsen by their actions, thereby intended to cause severe emotional distress or recklessly disregarded the high probability of emotional distress to Plaintiff.

82. The misconduct was undertaken with malice, willfulness, and reckless disregard for the rights of Plaintiff.

83. Shemsiu's, Statkus' and Bendicsen's outrageous conduct proximately caused Plaintiff's severe emotional distress.

**<u>Count V – 42 U.S.C § 1983</u>**
**Conspiracy**
**(As to Shemsiu, Statkus, and Bendicsen)**

84. Plaintiff realleges and incorporates paragraphs 1-84 of this Complaint as if fully set forth herein.

85. Shemsiu, Statkus and Bendicsen are three persons who acted in concert to allow the criminal prosecution of Plaintiff to proceed.

86. In furtherance of this conspiracy, Shemsiu, Statkus and Bendicsen unlawfully concealed exculpatory evidence obtained shortly after Plaintiff's arrest, the State's Attorney Office, and Plaintiff's attorneys, when Officer Shemsiu, Statkus and Bendicsen obtained and

viewed the footage, and determined that it exonerated Plaintiff.

87. Shemsiu and Statkus committed these actions in order to incarcerate Plaintiff, to deprive him of his right under the Fourth Amendment to the United States Constitution to be free from prolonged pretrial detention.

88. Upon information and belief, Shemsiu, Statkus and Bendicsen specifically agreed to commit this action.

89. Plaintiff was incarcerated for nearly twenty-two (22) months after the discovery of the evidence, and was deprived of his right to not be subject to prolonged pre-trial detention under the Fourth Amendment to the United States Constitution.

90. At all times, Defendants Shemsiu, Statkus and Bendicsen acted under color of state law in their capacities as police officers.

**Count VI – State Law Claim**
**Illinois Conspiracy**
**(As to Shemsiu, Statkus, and Bendicsen)**

91. Plaintiff realleges and incorporates paragraphs 1-90 of this Complaint as if fully set forth herein.

92. Shemsiu Statkus, and Bendicsen engaged in a conspiracy to conceal evidence and commit tortious acts consistent with malicious prosecution, Brady violations, and depriving Plaintiff of his civil rights.

93. Upon Shemsiu’s receipt of the footage, she, Statkus, and Bendicsen viewed the footage, and decided not to disclose it because it exonerated Plaintiff.

94. By specifically not disclosing the footage, Shemsiu, Statkus and Bendicsen engaged in a tortious act in furtherance of the conspiracy.

## Count VII – State Law Claim
## Indemnification
## (As to the Village)

95. Plaintiff realleges and, incorporates paragraphs 1-94 of this Complaint as if fully set forth herein.

96. Illinois law, namely the Local Governmental and Governmental Employees Tort Immunity Act, (745 ILCS 10/9-102) provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

97. The Village is a public entity as defined in the Local Governmental and Governmental Employees Tort Immunity Act (745 ILCS 10/ *et seq*.).

98. At all times relevant to this Complaint, Shemsiu, Statkus and Bendicsen were employees of the Lombard Police Department, who acted within the scope of its employment in committing the misconduct described herein.

**WHEREFORE**, Plaintiff, Steven Tresnak, respectfully requests that this Court enter judgment in his favor and against Defendants, Laura Shemsiu, Joseph Statkus, Matthew Bendicsen, and the Village of Lombard, awarding compensatory damages, costs, and attorneys' fees, along with punitive damages against Defendants Shemsiu, Statkus, and Bendicsen in their individual capacity, as well as any other relief for Plaintiff that this Court deems just and appropriate.

## Jury Demand

Plaintiff, Steven Tresnak, demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted

STEVEN TRESNAK

By: _/s/ *Thomas G. Gardiner*
Thomas G. Gardiner
Gardiner, Koch, Weisberg & Wrona
Attorney for Plaintiff

Thomas G. Gardiner
Michelle LaGrotta
Gardiner Koch Weisberg & Wrona
53 West Jackson Blvd., Suite 950
Chicago, Illinois 60604
P 312-362-0000
F 312-362-0440
Ill. Bar No. 6180243
Email:tgardiner@gkwwlaw.com
For service and copies: gkwwassistants@gkwwlaw.com